**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES FOR THE USE AND
BENEFIT OF MASTER MASONRY, LLC,**
a West Virginia limited liability company,

      Plaintiff,

v.                                                 **CIVIL ACTION NO.: 3:16-CV-50
(GROH)**

**TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,** a Connecticut corporation,
**GREENLAND ENTERPRISES, INC.,**
a Virginia corporation, and
**FIRST COLONIAL BUILDERS, INC.,**
a Virginia corporation,

      Defendants.

## ORDER DENYING DEFENDANT GREENLAND'S MOTION TO DISMISS

Currently pending before the Court is Defendant Greenland Enterprises, Inc.'s Motion to Dismiss [ECF No. 26], filed on September 26, 2016. For the following reasons, the Court **DENIES** the motion.

### I. Background

This case arises out of an alleged failure to pay pursuant to a sub-subcontract between First Colonial Builders, Inc. ("First Colonial"), and the Plaintiff. In early 2014, Greenland Enterprises, Inc. ("Greenland"), contracted with the United States Department of Veterans Affairs to complete a federal boiler plant upgrade project ("the project"). On January 2, 2014, Greenland executed a Miller Act payment bond[1] with Travelers Casualty

---

[1] The Miller Act, 40 U.S.C. §§ 3131-3134, requires contractors to post bond on any government construction contract exceeding $100,000.00. 40 U.S.C. § 3131(b)(2).

and Surety Company of America ("Travelers") in the amount of $7,343,489.00. Greenland then entered into a subcontract with First Colonial to provide labor, materials, equipment and other services required to complete the project. Thereafter, on January 7, 2015, First Colonial entered into a sub-subcontract with the Plaintiff to perform masonry work and construction of a boiler plant control room, which was required to complete the project. When the Plaintiff completed its work on the sub-subcontract, First Colonial refused to pay. On July 9, 2015, the Plaintiff notified Greenland of First Colonial's failure to pay the $23,269.53 outstanding balance. The Plaintiff also submitted a claim to Travelers for payment under the bond, but it was denied.

Based on the aforementioned, on April 18, 2016, the Plaintiff filed a complaint with this Court alleging breach of contract against First Colonial, quantum meruit against First Colonial and Greenland and a Miller Act violation against Travelers. On September 26, 2016, Greenland filed its motion to dismiss. The Plaintiff filed its response on October 10, 2016, and one week later Greenland filed its reply. This matter is now ripe for consideration.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the sufficiency of a complaint by moving to dismiss it for failing "to state a claim upon which relief can be granted." When reviewing a 12(b)(6) motion, the Court must assume all of the allegations contained within the complaint to be true, resolve all doubts and inferences in favor of the plaintiff and view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). If a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face,"

it must be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Even though "detailed factual allegations" are not required, a complaint must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). For example, a complaint that provides "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations and citation omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement" does not suffice. Id. (alteration in original) (internal quotations and citation omitted). A plaintiff is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678). In reviewing a Rule 12(b)(6) motion, courts may consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint and the motion to dismiss, "so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

Greenland argues that the express contractual agreement between the Plaintiff and First Colonial Builders precludes the Plaintiff's quantum meruit claim against it. In its response, the Plaintiff contends that it is disputed whether the work it performed on the project was within or outside the scope of the sub-subcontract with First Colonial. The Plaintiff contends that if the work it performed is determined to be outside the scope of the sub-subcontract with First Colonial, then a viable claim of quantum meruit exists against Greenland based upon unjust enrichment. The Plaintiff requests, pursuant to Rule 8(a)(3) of the Federal Rules of Civil Procedure, that it be permitted to plead this

alternative theory of relief until it is determined whether the work performed was within or outside the scope of the sub-subcontract.

In actions under the Miller Act, unless there is a conflict between federal and state law, state substantive law applies. United States ex rel. Coastal Steel Erectors, Inc. v. Algernon Blair, Inc., 479 F.2d 638, 640 n.2 (4th Cir. 1973). Under West Virginia law, the theory of quantum meruit "is based on an implied contract," which "cannot arise, as against one benefited by work performed, when such work was done under a special contract with other persons." Rosenbaum v. Price Constr. Co., 184 S.E. 261, 263-64 (W. Va. 1936) (internal quotations and citation omitted). Simply put, quantum meruit is inapplicable where an express contract covering the issue exists. See Ohio Valley Health Servs. & Educ. Corp. v. Riley, 149 F. Supp. 3d 709, 720-21 (N.D. W. Va. 2015) ("[Q]uasi-contract claims, like unjust enrichment or quantum meruit, are unavailable when an express agreement exists because such claims only exist in the absence of an agreement." (emphasis in original)); Fed. Sav. & Loan Ins. Corp. v. Quality Hotels and Resorts, Inc., 928 F.2d 399, at *4 (4th Cir. 1991) (unpublished table decision).

Here, First Colonial denies that the Plaintiff performed work under their sub-subcontract.[2] The Plaintiff contends that if this is true, then it performed work that "was outside the scope of the express contract," and thus the rule announced in Rosenbaum would not apply to prohibit its quantum meruit claim. In other words, the Plaintiff maintains that any work done by it outside of the express sub-subcontract is considered work performed "in the absence of an agreement," Ohio Valley Health, 149 F. Supp. 3d at 721, which is precisely the circumstance where quantum meruit applies, see United States ex

---

[2] In its answer, First Colonial "denies that Master Masonry LLC did work pursuant to their subcontract agreement." ECF No. 12 at 5.

4

rel. Kogok Corp. v. Travelers Cas. & Sur. Co. of Am., Civil Action No. 1:13CV240, 2015 WL 5634607, at *11 (N.D. W. Va. Sept. 24, 2015) (collecting cases). The Plaintiff avers that its quantum meruit claim is pled in the alternative; that is, the quantum meruit claim exists only insofar as the Plaintiff provided work on the project that did not arise under the sub-subcontract with First Colonial. Insofar as the Plaintiff provided work on the project that arose under the sub-subcontract, its claim for breach of contract—not quantum meruit—applies.

Under federal law, a plaintiff is permitted to plead quantum meruit as an alternative to contract recovery. See FMW/MJH at 2604 Hillsborough, LLC v. WSA Constr., LLC, No. 3:13-CV-703-GCM, 2014 WL 6476187, at *2 (W.D.N.C. Nov. 19, 2014) ("[A] party may plead breach of contract and unjust enrichment in the alternative." (internal quotations and citation omitted)); United States ex rel. All State Constr., Inc. v. SEI Grp., Inc., Civil Action No. DKC 14-0131, 2014 WL 3571980, at *3 (D. Md. July 18, 2014) ("While [the plaintiff] may not recover under both breach of contract and *quantum meruit*, it is entitled to plead these theories in the alternative."); Ford v. Torres, No. 1:08cv1153, 2009 WL 537563, at *4 (E.D. Va. Mar. 3, 2009) ("Even though Plaintiffs will not be able to recover under both contract and quasi-contract doctrines . . . they are not barred from pleading alternative theories of recovery where the existence of a contract concerning the subject matter is in dispute." (internal quotations and citations omitted)). Accordingly, because the Plaintiff's quantum meruit claim is pled in the alternative, it may remain.

## IV. Conclusion

Upon consideration, the Court **ORDERS** that Defendant Greenland's Motion to Dismiss [ECF No. 26] is **DENIED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** December 7, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE